# CHARLESTON.

### T. B. CHEWNING *v.* S. S. SIMMONS

Submitted February 12, 1924.     Decided March 11, 1924.

APPEAL AND ERROR—*Verdict Not Set Aside Unless Without Evidence to Support it.*

> The verdict of a jury in an action at law will not be set aside unless it is without sufficient evidence to support it or plainly against the decided weight and preponderance of the evidence.

Error to Circuit Court, Roane County.

Action by T. B. Chewning against S. S. Simmons. Judgment for plaintiff, and defendant brings error.

*Judgment set aside, verdict reinstated, judgment entered thereon.*

*Wm. S. Ryan* and *Thos. P. Ryan*, for plaintiff in error.
*Harper & Baker*, for defendant in error.

LITZ, JUDGE:

To the judgment of the circuit court of Roane county, setting aside a verdict for the defendant in a proceeding by notice of motion for judgment on a promissory note, the defendant prosecutes this writ of error.

The note sued on was executed by the defendant to his father, W. S. Simmons. It bears date August 19th, 1919, and is payable to the order of W. S. Simmons at Traders Trust & Banking Company, Spencer, West Virginia, twelve months from date, for the sum of $1154.00.

In January, 1921, W. S. Simmons transferred this note to J. H. Williamson, who agreed that payment thereof would not be demanded before August 19th, 1921. A few days prior to the time fixed Williamson advised defendant that the note was at Traders Trust & Banking Company for pay-

ment on that date.   At the request of defendant, W. S.
Simmons promptly paid the note; and having obtained it
from the bank, thereafter, on November 1st, 1921, assigned
the same to his son-in-law, the plaintiff.

To the notice in this case served upon the defendant April
24, 1923, the defendant pleaded the general issue and also
filed a plea of payment stating that he had fully discharged
the note before its transfer to the plaintiff, by payments
as follows:

In the autumn of 1920, $500, being the purchase price
of certain cattle at the time sold and delivered by defendant
to W. S. Simmons.

August 13, 1920, $400, by check of defendant for that
amount, to W. S. Simmons.

October 15, 1921, payment to W. S. Simmons in full settle-
ment and satisfaction of the remainder of said note.

No credits are shown on the note except $500 as of August
13, 1921, and interest paid to September 28, 1920.  The defend-
ant testified that the $500 credit was for the purchase price
of certain cattle which he sold and delivered to W. S. Sim-
mons in the autumn of 1920, and that his father had placed
this credit on the note in pencil at the time of the transaction.
He further states that he paid his father $400 on the note
by check dated August 13, 1921, reciting: "On note of
$1154.00"; that he paid the balance in a settlement made
between himself and father October 15, 1921; and that a
check given by him to his father on the latter date for
$500.00, evidencing the settlement, covered the balance of
$231.00 then unpaid on the note and $269.00 due his father
for cattle, as shown by endorsement thereon before its de-
livery, as follows: "For 11 yearlings and bal. on note of
$1154.00."

The verdict for defendant was set aside on the ground, it
is said, that neither of the two checks was introduced in
evidence.  It would make no difference that the filing of the
checks was not actually noted in the record.  They were
presented to the jury and their contents put in evidence
without objection.

Plaintiff, however, contends that the verdict should have

been set aside for the reason that there would still be due a balance of $31 on the principal of the note after giving defendant credit for the three payments of $500 in 1920, $400 August 13, 1921 and $231 October 15, 1921. But defendant says that at the time of the final settlement on October 15, 1921, he had already paid all of the note except the balance of $231; that the check then given by him fully paid the balance of the note, and was so accepted by his father, as shown by endorsement thereon. W. S. Simmons, upon whose testimony the plaintiff relies to deny payment of the note, knows nothing independently of the credits thereon. He cannot remember when or in what manner the $500 credit was made, and is also unable to state the con-. sideration for either of the checks for $400 and $500, the receipt and use of which he does not deny. His evidence is, therefore, of little, if any weight.

We are of opinion that defendant's testimony to the effect that he had fully paid the note sued on before its assignment to the plaintiff, and that at the time of the final payment the whole matter was fully and completely settled and adjusted, is sufficient evidence to support the jury's verdict.

The judgment of the circuit court will, therefore, be set aside, the verdict reinstated and judgment entered thereon.

*Judgment set aside; verdict reinstated; judgment entered thereon.*